## QUESTI vs. RILLS.

APPEAL from the court of the fourth district.

MATTHEWS J. delivered the opinion of the court. In this case, the plaintiff obtained an injunction to stay an order of seizure and sale, which the plaintiff was prosecuting on the property of the former, under certain acts of mortgage. The injunction was subsequently dissolved; and from the decree of dissolution, the plaintiff thereon took the present appeal.

The evidence of the cause shows that Rills, the appellee, was appointed administrator of the succession of Isabella Franchibois, by the advice and consent of her heirs, who

Taking the oath required by law, is a necessary and indispensible qualification to the administrator of a succession.

Eastern District.
*February*, 1830.

QUESTE
*vs.*
RILLS.

prayed time to deliberate whether they would accept the inheritance. He proceeded to have the estate sold by the ministry of the judge of probates; and at the sale, the appellant became purchaser of a part of the property, (on certain terms of credit) and on this property, according to the conditions of the sale, a mortgage was retained in favor of the vendors. The price was payable by instalments; and after the first became due, the administrator procured an order of seizure and sale, the execution of which was suspended by an injunction, as above stated.

The petition for enjoining the proceedings against the defendant and his property, *via executiva*, contains many reasons, alleged, as opposed to the correctness and legality of that summary process; but we deem it necessary to notice those which relate to the appointment and qualifications of the administration. His appointment appears to have been made in conformity with the rules established by law; and he seems to have qualified himself in all respects, as required, to discharge the trust reposed in him, except, that it does not appear that he ever took the oath prescribed for officers of this description

Eastern District.
*February*, 1830.

QUESTE
*vs.*
RILLS.

The office of administrator, such as was assumed by the appellee, is created by the La. code; and by the art. 1042, it is declared that such officers have the same powers, and are subject to the same duties and responsibilities, as the curators of vacant estates, &c. The art. 1109, makes it a preliminary duty of a curator of a vacant estate, to take an oath before the judge who has appointed him, well and faithfully to discharge his duties as such, which must precede his entrance on the performance of these duties. According to this article of the code, it is clearly the duty of a curator of a vacant estate, to take the oath prescribed, before he enters on the performance of the duties which arise out of his official situation; and if administrators are subjected to the same duties and responsibilities, they are bound to take the same oath, before proceeding to the administration of estates entrusted to their charge.

The record, in the present case, exhibits no evidence that Rills, the defendant in the suit for an injunction, was sworn by the judge who appointed him to the office of administrator, well and faithfully to perform his duties as such. On the contrary, we find a certificate

of that judge, which declares that there is no record in his office, stating or setting forth, that the administrator did take an oath. We are of opinion that this oath is a necessary and and indispensable qualification in an officer of this kind; and that he cannot legally administer on an estate entrusted to his charge, without it. Admitting this to be true, it is alleged on the part of the appellee, that the want of authority or necessary qualifications in a plaintiff, who adopts the summary mode of proceeding, by immediate seizure and sale of property, under acts importing a confession of judgment, is not expressly recognised by the code of practice, as one of the reasons for which the sale of property thus seized, may be arrested; and that the reasons laid down in the art. 739, of that work, are exclusively those on which such arrests may be obtained. It must be allowed that the want of legal capacity in the *actor* who claims the benefit of this summary process, is not expressly stated as a reason for staying the execution *totidem verbis*; but it may be rightfully implied from that part of the article which admits an arrest of proceedings, when the act on which the order is based, has been

Eastern District.
*February*, 1830.

QUESTE
*vs.*
RILLS.

obtained by unlawful means. If the act should have been originally obtained by fair means, the want of legal authority in a person who attempts to enforce it, may be properly opposed to him, as being in the exercise of unlawful means in its execution. The want of power must necessarily render abortive all his endeavors to produce effect.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be anulled, avoided and reversed. And it is further ordered, adjudged, and decreed, that the injunction heretofore obtained by the appellant, be reinstated and made perpetual; and that the appellee pay costs in both courts.